**IN RE EATON CORP. v. PUBLIC SERVICE CO.**

[99 N.C. App. 174 (1990)]

IN THE MATTER OF: EATON CORPORATION, POST OFFICE BOX 1728, KINGS MOUNTAIN, NORTH CAROLINA 28086, CLAIMANT v. PUBLIC SERVICE COMPANY OF NORTH CAROLINA, RESPONDENT

No. 8910UC925

(Filed 19 June 1990)

**1. Gas § 1 (NCI3d)— gas overcharges—claim barred on basis of statute of limitations—error**

The Utilities Commission improperly barred plaintiff's claim for a refund of gas overcharges by applying the two-year statute of limitations of N.C.G.S. § 62-132, since that statute applies to rates permitted or allowed to take effect, while the rates which plaintiff contested were established by the Commission in a general rate case after full hearing.

**Am Jur 2d, Public Utilities §§ 58, 59; Limitation of Actions § 453.**

**2. Gas § 1 (NCI3d)— classification of customer—determination by Utilities Commission—no statute of limitations barring recovery of overcharges**

In a proceeding to recover for gas overcharges it was for the Utilities Commission to determine whether claimant maintained complete standby fuel and equipment and was therefore eligible for a lower rate schedule, but if claimant was entitled to recover under N.C.G.S. § 62-139(a), which prohibits a public utility from receiving greater compensation than that prescribed by the Commission, or under N.C.G.S. § 62-140, which prohibits discrimination by utilities as to rates or services, then there was no applicable statute of limitations.

**Am Jur 2d, Public Utilities §§ 58, 59; Limitation of Actions § 453.**

**3. Gas § 1 (NCI3d)— gas overcharges—statute of limitations— affirmative defense adequately raised**

In a proceeding to recover for gas overcharges an affirmative defense as to the statute of limitations was adequately raised by respondent, even though not raised in the pleadings, where, in the hearing before a Utilities Commission hearing examiner, respondent explained that it first offered claimant a refund calculated upon the basis of the statute of limitations in ordinary contracts cases.

IN RE EATON CORP. v. PUBLIC SERVICE CO.

[99 N.C. App. 174 (1990)]

**Am Jur 2d, Public Utilities §§ 58, 59; Limitation of Actions § 453.**

APPEAL by claimant from final order of the North Carolina Utilities Commission entered 14 June 1989. Heard in the Court of Appeals 12 March 1990.

On 18 May 1987 claimant Eaton Corporation wrote to the North Carolina Utilities Commission complaining of an overcharge for natural gas purchased from respondent, Public Service Company of North Carolina. The parties were unable to resolve the dispute. By letter filed 30 December 1987, claimant's grievance became a formal complaint.

After a hearing on the complaint, a Commission hearing examiner issued a Recommended Order Dismissing Complaint for the reason that the claim was barred by the two-year statute of limitations in G.S. 62-132. Claimant and the Public Staff filed exceptions. On 14 June 1989, the full Commission, with one member dissenting, issued its Final Order Overruling Exceptions and Affirming Recommended Order. Claimant and the Public Staff appeal.

*North Carolina Utilities Commission—Public Staff Legal Division, by Staff Attorney David T. Drooz, for claimant-appellant.*

*Stott, Hollowell, Palmer & Windham, by James C. Windham, Jr., for claimant-appellant.*

*Burns, Day & Presnell, P.A., by F. Kent Burns, for respondent-appellee.*

PARKER, Judge.

Claimant brings forward two assignments of error on appeal. First claimant contends the Utilities Commission erred in concluding that the two-year statute of limitations in G.S. 62-132 applies to this case. Claimant argues that the proper statute of limitations is found in G.S. 1-52(9). Second claimant contends the Commission erred in applying the two-year statute of limitations when that statute was not pleaded as a defense. We hold that the Commission erroneously interpreted and applied G.S. 62-132 and remand for further proceedings.

Claimant corporation manufactures automobile and truck components. In May 1977 claimant began using natural gas from re-

spondent and used less than 50 dekatherms per day. Later consumption increased, and for four months in the year ending 30 June 1980, the average use rose to more than 50 dekatherms per day.

Commission Rule R6-19.2(f) requires natural gas utilities to review each customer's consumption for the year ending 30 June for rate priority classification purposes. If consumption for any two months would have qualified the customer for a priority requiring a lower rate, the utility must, by 30 September, automatically reclassify the customer to a lower rate priority as defined in the rule. The rule defines priorities in terms of Mcf/day (thousand cubic feet per day). A dekatherm of gas is approximately one thousand cubic feet. Priority 2.1 is for industrial customers who use less than 50 dekatherms per day. Respondent's rate schedule 22 was available to industrial customers qualifying for priorities 1.2 through 2.4. This rate schedule was renumbered to 55 and later to 17, but the availability provisions remained the same. Priority 2.5 applies to industrial customers using between 50 and 300 dekatherms per day. Schedule 23, later renumbered to 60, then to 20, was available to industrial customers qualifying for priorities 2.5 through 2.7. This rate schedule also provided that the customer must maintain complete standby fuel and equipment.

On 1 January 1985, respondent amended claimant's priority rating and lowered claimant's rate from Schedule 55 to Schedule 60. The last schedule designations, i.e., 55 to 17 and 60 to 20, were amended by a general rate making case in November 1986 after claimant was given a higher priority rating. We will refer to these schedules as Schedule 55/17 and Schedule 60/20. In a letter dated 2 December 1986 claimant asserted that the corporation had become eligible for the lower rate as of 1 September 1980, based on its increased level of consumption during the period ending 30 June 1980. Claimant demanded a refund of $15,724.73 representing the difference between charges applicable under the two rate schedules for the period from 1 September 1980 through 31 December 1984.

General Statute 62-132 provides that if (i) the rates or charges being collected by the utility are "other than the rates established by the Commission," and (ii) the rates or charges being collected are "unjust, unreasonable, discriminatory or preferential," then the Commission may upon petition by an interested party order a refund of unjust rates or charges collected within two years prior

to the petition. The two-year limit is not a true statute of limitation or repose, because it runs backward in time from the date of the petition, not forward from the date of the wrongful overcharge or the date of its discovery. By its own terms, the two-year limit on recovery applies only where a utility has charged unjust rates not established by the Commission.

[1] We first consider whether the rates charged claimant were "established" by the Commission. In *Utilities Comm. v. Edmisten, Attorney General*, 291 N.C. 327, 230 S.E.2d 651 (1976), our Supreme Court discussed the difference between established rates and permitted rates as follows:

> There is moreover in Article 7 a clear statutory dichotomy between rates which are *made, fixed* or *established* by the Commission on the one hand and those which are simply *permitted* or *allowed* to go into effect at the instance of the utility on the other. Rates which are *established* by the Commission, that is after full hearing, findings, conclusions, and a formal order (*see* G.S. 62-81 for the required procedure for general rate cases or proceedings for "an increase in rates") "shall be deemed just and reasonable, and any rate charged by any public utility different from those so established shall be deemed unjust and unreasonable." G.S. 62-132. Rates which the Commission simply allows to go into effect by any of the three methods described are subject to being challenged by interested parties or the Commission itself and after a "hearing thereon, if the Commission shall find the rates or charges collected to be other than the rates established by the Commission, and to be unjust, unreasonable, discriminatory or preferential, the Commission *may*" order refund pursuant to the provisions of G.S. 62-132.

*Id.* at 352, 230 S.E.2d at 666 (emphases in original). "Established rates" thus has a very specific statutory meaning. By the language of the statute, the right to challenge unjust rates and obtain a refund therefor under G.S. 62-132 does not extend to established rates.

Claimant argues that for the period in question it should have been on established Schedule 60/20, rather than established Schedule 55/17, *i.e.*, that it was charged the wrong established rate. From the record, there is no dispute that respondent's rate schedules 55/17 and 60/20 were established by Commission order in general

rate cases after full hearing. These rates were not permitted or allowed to take effect; they are established rates. Claimant's claim, therefore, cannot arise under G.S. 62-132, and the Commission improperly barred the claim by application of the two-year statute of limitations in G.S. 62-132.

[2] General Statute 62-139(a) prohibits a public utility from directly or indirectly, by any device whatsoever, collecting or receiving greater or less compensation than that prescribed by the Commission. General Statute 62-140 prohibits discrimination by utilities as to rates or services. Respondent's rate schedule 60/20 includes a requirement that the customer maintain complete standby fuel and equipment. Such equipment enables a business to continue operations if its allotment of natural gas is curtailed during a shortage. As an industrial customer's use of natural gas increases and its rate becomes more favorable, the risk also increases that during a shortage the customer will be subject to curtailment. The risk of curtailment is thus an integral part of natural gas rate structuring. Rule R6-19.2, under which natural gas utilities must annually evaluate customers on the basis of their consumption, is in fact entitled "Priorities for curtailment of service."

On appeal respondent contends that claimant was never in fact eligible for Rate Schedule 60/20. Although claimant claimed to have standby fuel and equipment, it was unable to accept curtailment of its natural gas supplies. Claimant asserts that other businesses without standby capacity were nevertheless under Schedule 60/20. The Commission has the power to determine questions of fact arising under G.S. 62-139 and G.S. 62-140. Whether claimant was eligible for Schedule 60/20 is a question of fact for the Commission.

Upon reconsideration of this matter the Commission may determine that claimant has a claim arising under G.S. 62-139 and/or G.S. 62-140. If so the Commission must consider the appropriate remedy and statute of limitations, including determination of any factual questions necessary to that decision. We merely note that claimant is correct in asserting that Article 7 does not contain a statute of limitations for actions arising under either G.S. 62-139 or G.S. 62-140.

[3] Claimant also argues the Commission erred in applying a statute of limitations when none was raised in the pleadings. "Great liberality is indulged in pleadings in proceedings before the Commission,

and the technical and strict rules of pleading applicable in ordinary court proceedings do not apply." *Utilities Commission v. Area Development, Inc.*, 257 N.C. 560, 569, 126 S.E.2d 325, 332 (1962).

In the hearing before the examiner, respondent explained that it first offered claimant a refund calculated upon the basis of the statute of limitations in ordinary contracts cases. An affirmative defense was thus raised by respondent. The examiner later ruled that the claim both arose under and was barred by G.S. 62-132. If claimant's claim had arisen under that statute, there would have been no error in the examiner's having considered the statute of limitations contained in that statute. Accordingly, on remand the Commission may determine whether all or a part of the claim, if any, is barred by the appropriate statute of limitations.

Remanded for further proceedings.

Chief Judge HEDRICK and Judge COZORT concur.